
FILED: **8/25/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:10-CR-5 |
| | § | |
| ARNOLDO FLORES | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 18, 2010, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, ARNOLDO FLORES, on **Count One** of the charging Indictment filed in this cause. Count One of the Indictment charges that on or about July 18, 2009, in the Eastern District of Texas, ARNOLDO FLORES, Defendant herein, did knowingly and intentionally possess with intent to distribute, a schedule I controlled substance,

namely marijuana, in an amount of one hundred (100) kilograms or more, in violation of Title 21, United States Code, Section 841(a)(1),

Defendant, ARNOLDO FLORES, entered a plea of guilty to Count One of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

c. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 751(a).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government proffered the following evidence at the hearing. *See Factual Basis.* The Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government and Defendant agreed that the Government would prove each and every essential element of the charged offense. The Defendant also stipulated to the facts presented by the Government in support of his guilty plea.

2

If the case proceeded to trial, the Government would have proven every essential element of the offenses, beyond a reasonable doubt, through sworn testimony, including witnesses and expert witnesses, and through exhibits.

Specifically, the Government would present testimony from a Texas Department of Public Safety Troopers, that on July 18, 2009, while patrolling on U.S. Highway 59 in Nacogdoches, Texas, within the Eastern District of Texas;

That the DPS Trooper observed a 2001 tan Freightliner truck with a trailer traveling U.S. Highway 59 on the improved shoulder when prohibited;

That the DPS Trooper stopped the vehicle, approached the vehicle, and identified the defendant, Arnoldo Flores, as the driver and lone occupant of the vehicle;

That Arnoldo Flores appeared nervous and gave the DPS trooper a story about his travel in the vehicle that was inconsistent with the log book found in the vehicle. Upon request, Arnoldo Flores consented to a search of the vehicle. Inside the trailer, hidden within a shipment of limes, officers discovered approximately 45 large bundles of what appeared to be marijuana. A DPS Trooper would testify that possession if this amount of marijuana is not consistent with personal use but is consistent with intent to distribute; and,

That the bundles of marijuana were sent to the Texas Department of Public Safety Drug Analysis Laboratory for testing and it was evaluated by a lab technician who would testify that the bundles did in fact contain marijuana and that the total weight of the marijuana was 1080.65 pounds or 491 kilograms.

Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the factual basis and agreed with the Government's ability to prove the elements of the offense. Defendant also testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDATION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One of the Indictment** filed in this criminal proceeding. Accordingly, it is further recommended that Defendant, ARNOLDO FLORES, be finally adjudged guilty of the charged offense under 21 U.S.C. § 841(a)(1) as stated in the Indictment.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the federal Sentencing Guidelines and/or the presentence report. The District Court may defer its decision to accept or reject the plea until there has been an opportunity to consider the presentence report. Defendant reserves his right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 24th day of August, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE